CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

AUG 2 1 2018

JU~~A. C. DUDLEY, CLERK
BY: ~~~~~~~
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

### for the

Western District of Virginia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 1:18 mj 115 |
| | ) |
| | ) |
| Shade Carlton Workman | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 13, 2018 _____ in the county of _____ Tazewell _____ in the
_____ Western _____ District of _____ Virginia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 1001(a)(2) | False, fictious, or fraudulent statement or representation in a matter within the jurisdiction of the US Government. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Micah J. Childers, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 21, 2018

_____
*Judge's signature*

City and state:    Abingdon, Virginia

Pamela Meade Sargent, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

IN THE MATTER OF THE ARREST OF: )      **UNDER SEAL**
SHADE CARLTON WORKMAN     )
                                 )      Case No._____

## AFFIDAVIT IN SUPPORT OF CRIMINAL
## COMPLAINT AND ARREST WARRANT

1.     I, Micah J. Childers, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

2.     I am an investigative law enforcement officer of the United States within the meaning of

Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct

investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18,

United States Code.

3.     I have been employed as a Special Agent with the FBI for approximately 8 years. I am

currently assigned to the Richmond Division, Bristol Resident Agency (BRA), located in Bristol,

Virginia. Prior to working in the BRA, I was assigned to the Atlanta Division, Rome Resident

Agency (RRA), located in Rome, Georgia, and was the coordinator for the Northwest Georgia

Criminal Enterprise Task Force, an FBI Safe Street Task Force, investigating violent crimes,

illegal narcotics trafficking, and illegal gang activity. I have served as the case agent on multiple

terrorism investigations, to include a domestic terrorism investigation involving explosive

devices. I have taken part in numerous federal, state, and local investigations concerning

international and domestic terrorism, document and identity fraud, financial fraud, cybercrimes,

controlled substance violations, public corruption, civil rights violations and firearms offenses.

1

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Based on the facts as set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. § 1001(a)(2) (makes any materially false, fictitious, or fraudulent statement or misrepresentation) has been committed by Shade Carlton Workman.

## JURISDICTION

**6.**     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATEMENT OF PROBABLE CAUSE

1.     On August 3, 2018, Investigators interviewed confidential witness one (CW1).

CW1 provided the following information:

> Following a 2016 arrest for shoplifting in Tazewell County, Virginia, CW1 was opened as a confidential informant for Shade Workman, Virginia State Police Special Agent and Commander of the Drug Task Force located in Tazewell County, Virginia. Workman instructed CW1 words to the effect that no matter how many busts you do, five or five hundred, if you want to be with your kids, you are going to do this my way. Over the next year, Workman and CW1 had sex six times immediately before or after CW1 purchased illegal drugs at the direction of Workman, and at least ten times outside of CW1's work for the task force. In April of 2017, CW1 was released from incarceration in Tazewell County with the stipulation requiring CW1 assist Drug Task Force operations. CW1 moved from the area, due to the fear that CW1 would again be required to have sex with Workman.

2

2.      On August 6, 2018, confidential witness two (CW2) was interviewed. CW 2

provided the following information:

> In the beginning of May, 2017, CW2 gave a ride to witness one (W1, W1 has not
> yet been interviewed by law enforcement due to concerns of potential destruction
> of evidence and witness tampering) who claimed to be having sex with a cop.
> When CW2 arrived at the location provided, W1 exited CW2's vehicle and
> entered a grey truck. CW2 observed the male who was driving the grey truck, as
> the driver's side window was down. In December 2017, CW2 was arrested, for an
> outstanding warrant for the distribution of illegal drugs, during a law enforcement
> round-up. CW2 was brought into an interview room, where only Workman was
> present. CW2 recognized Workman as the driver of the truck from May 2017.
> Workman told CW2 the charges filed against CW2, and asked if CW2 knew who
> got CW2, meaning who had worked as a confidential informant when CW2 sold
> illegal drugs. CW2 said," Yes, absolutely. You're fucking her." Workman
> instructed CW2 that CW2 cannot touch the confidential informant, and that the
> confidential informant is protected like the police.

3.      On August 7, 2018, the FBI undertook an active investigation into allegations,

related to the deprivation of civil rights under color of law found in Title 18 U.S.C. § 242,

against Shade Workman

4.      On August 7, 2018, confidential witness three (CW3) was interviewed. CW3

provided the following information:

> In 2016, CW3 was arrested for shoplifting. After the arrest, CW3 was approached
> by Workman to work for the drug task force. CW3 signed up with the drug task
> force in order to receive credit in sentencing. Workman requested to meet CW3.
> Workman arrived at the meeting alone, and CW3 believed that Workman was
> trying to set up CW3 on other charges. Subsequent meetings resulted in Workman
> having sex with CW3 in Workman's police issued vehicle and in the drug task
> force office space. In August of 2016, Workman also met CW3, at the Super 8
> Hotel located in Richlands, Virginia, for the purpose of having sex with CW3. On
> other occasions, Workman sent CW3 pictures of himself and requested that CW3
> send naked pictures to him. Workman instructed CW3 that if CW3 told anyone
> about their sexual relationship that any credit received for CW3's work with the
> drug task force would go away, and CW3 would go back to jail. During August of
> 2016, CW3 accidently broke the screen of CW3's cellphone. CW3 had texted
> with Workman using this cellular device, and had sent and received pictures from
> Workman of a sexual nature.

3

5.    On August 7 and 8, 2018, CW3 cooperated with law enforcement to send and receive text messages from CW3's cellular device to (276) 613-3680, known to CW3 as the work cellphone utilized by Workman. During the text conversation, CW3 is instructed to retrieve the previously broken cellphone, and dispose of the cellphone at CW3's workplace. These text messages are included as Attachment C.

6.    On August 8, 2018, records obtained from the Super 8 Hotel located in Richlands, Virginia showed that on August 24, 2016, Shade Workman rented a room from the hotel and utilized a Mastercard for the payment of the hotel room.

7.    On August 10, 2018, CW3 made a consensually recorded telephone call from CW3's cellular device to (276) 613-3680. Workman answered the telephone, and spoke with CW3. CW3 confirmed that the cellphone had been disposed of as previously directed.

8.    On August 13, 2018, Workman was interviewed by Special Agent Childers at Workman's office located in Tazewell County, Virginia. Workman was asked if he had ever had an inappropriate relationship with any confidential informant, and he answered "No." Workman was asked if he had ever had sex with a confidential informant, and he answered "No." Workman was asked if he had ever directed a confidential informant to dispose of any evidence, and he answered "No." This interview was both audio and video recorded.

9.    CW1, W1, and CW3 were positively identified as having been opened as confidential informants by Virginia State Police. Once open as a confidential informant, Virginia State Police records the status of the confidential informants as active or inactive, and does not officially close a confidential informant. CW1 and CW3 were listed as active confidential informants during the time of the alleged sexual activity.

4

10. Virginia State Police confirmed that the cellular telephone with telephone number (276) 613-3680 is a telephone owned by the Virginia State Police and is assigned to and utilized by Workman.

11. Tazewell County, Virginia is located in the Western Judicial District of Virginia.

## CONCLUSION

7. Based on the aforementioned factual information and my training and experience in criminal investigations, I submit that probable cause exists to conclude that Shade Carlton Workman did knowingly and willingly make materially false, fictitious, or fraudulent statements or misrepresentations to investigative law enforcement officers of the United States in violation of 18 U.S.C. § 1001(a) (2).

FURTHER THE AFFIANT SAYETH NOT

Respectfully submitted,

Special Agent MICAH J. CHILDERS
Federal Bureau of Investigation

Subscribed and sworn to before me on _August 21_____, 2018

Honorable PAMELA MEADE SARGENT
United States Magistrate Judge

5

# Attachment C

## Text Messages

1) The following text conversation was observed by law enforcement and conducted by CW3 on
   August 7, 2018, between CW3's cellular device and telephone number (276) 613-3680:



(276) 613-3680

iMessage
Today 4:58 PM

Hey stranger I saw u today

Hey

Been busy as always

I think we might have a problem

What's that

Remember my phone that I busted ▮▮▮ charged and the damn thing came on and shade I still had pics of u on it

He's flipping out on me

Still

It's been almost three years



Case 1:18-mj-00115-PMS   Document 1   Filed 08/21/18   Page 9 of 21   Pageid#: 9



**(276) 613-3680**

Yeah don't need to mess all the credit up

Hopefully he want

I told him what would happen to me if he did but I really hurt him I guess idk I'm worried

Hopefully he won't do that

What if we can make sure he don't have the phone

Well get it

He won't tell me where it is I think he has it at work

Oh ok

U want to buy it from him to shut him up lol

iMessage

9



Case 1:18-mj-00115-PMS   Document 1   Filed 08/21/18   Page 11 of 21   Pageid#: 11



11



**5:49 PM**

(276) 613-3680

I don't know what to do then

I don't want everyone in the courthouse seeing my naked ass

Yeah no shit

If they come to talk to me what am I supposed to say

I'm sorry u know how I trip out

It's up to you
I'm stressed out now

Ur stressed I live with him and my kids are hearing the shit he's saying to me ██ even asked me who is shade mommy

Delivered

I'm sorry

iMessage

2) The following text conversation was observed by law enforcement and conducted by CW3 on

    August 8, 2018, between CW3's cellular device and telephone number (276) 613-3680:


  
iMessage
Today 11:12 AM

Hey I found the phone in the truck last night he's got to be so pissed 🥴 when he finds out it's gone what should I do with it now

Oh lord. Tell him you aint seen it

Well I don't want him to find it

Throw it away I guess

Take it to work and throw it

Should I delete it first how do I get the shit off the cloud or whatever

I don't know nothing about cloud stuff?

  iMessage 

      

14

I'm an idiot when it comes to cell phones to be honest

I said there ain't no back up on it if no sd card

Ok sheewwww

Are u sure

I guess delete it and throw it away

Like at work or something

You still manager at Wendy's?

No I got a new job asst manger at the store

What store

Fast mart

iMessage

Case 1:18-mj-00115-PMS   Document 1   Filed 08/21/18   Page 16 of 21   Pageid#: 16



**How's the boys? Probably 6 foot tall by now lol**

> They are good getting so big and they have my mouth and attitude poor kids they are in for it lol

**Oh hell!**
**Playing football this year?**

> No I don't think so maybe basketball though

**Middle school?**

> It hasn't been that long dumbass 3rd and 2nd

Delivered

**Lol** 
**I'm old remember**

**Time flies the older you get!**

  iMessage


Oh hell.

**Playing football this year?**

No I don't think so maybe basketball though

**Middle school?**

It hasn't been that long dumbass 3rd and 2nd

**Lol 😂**
**I'm old remember**

**Time flies the older you get!**

Yeah u r old

Haha

Delivered

**My hair is getting gray and gray**

**You looked amazing tho**

  iMessage 

      

1/



Middle school?

It hasn't been that long dumbass 3rd and 2nd

Lol 😂
I'm old remember

Time flies the older you get!

Yeah u r old

Haha

My hair is getting gray and gray

You looked amazing tho

I'll message u back after work k

**Delivered**

iMessage

18



